## Mat Blair v. The State.

### No. 3313. Decided November 11, 1914.

**1.—Rape—Sufficiency of the Evidence—Force.**

Where, upon trial of rape, the evidence was sufficient to sustain the conviction, and there was no exception to the court's charge on the issue of force, there was no reversible error.

**2.—Same—Charge of Court—Requested Charges.**

Where exceptions were reserved to the refusal of the court to give requested instructions, but there was no exception to the court's charge for failure to give the matters embodied in the special instruction, they can not be reviewed; however, when considered, there was no reversible error in refusing them.

**3.—Same—Specific Intent—Force—Charge of Court.**

Where, upon trial of rape, the court submitted a charge on specific intent, and there was no evidence that the prosecutrix did not use sufficient force in resisting the assault, there was no error in refusing a charge thereon.

Appeal from the District Court of Travis. Tried below before the Hon. Geo. Calhoun.

Appeal from a conviction of rape; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Jno. E. Rylee,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—This is a conviction for assault to rape. The State's testimony makes a sufficient case to justify the verdict of the jury. The court's charge covers assault to rape by force. Appellant did not except to any portion of the charge.

Two special charges were asked which the court refused. These charges were presented and exception reserved to the refusal to give them before the court read his charge to the jury, but there was no exception to the court's charge for failure to give the matters embodied in the special instructions.

The first requested instruction was to the effect that the use of unlawful violence upon the person of prosecutrix with intent to injure

her, and not in defense of his person or property was an aggravated assault but before an assault could amount to one with intent to commit rape, the jury must find beyond a reasonable doubt not only that defendant assaulted prosecutrix but must further find beyond a reasonable doubt that the defendant assaulted her with the specific intent to have carnal knowledge of her, and against her consent. The court gave this phase of the law fully. He instructed them that they must find, among other things, that the assault was made, if made, with the specific intent to ravish prosecutrix and to have carnal knowledge of her, without her consent, and to have carnal knowledge of her by force, and to have carnal knowledge of her without her consent and by the use of such means as was sufficient to overcome all resistance within her power and to accomplish his purpose at all hazards. It occurs to us that this was a sufficient presentation of that phase of the law. This was in stronger language even than defendant's special instruction as to the intent. The other requested instruction was to the effect that the jury must find that the use of force upon the person of prosecutrix, if they should find that the force used upon prosecutrix was for the purpose of gaining her consent to have carnal knowledge, then it would not amount to assault with intent to rape. The facts do not call for such charge or present that issue. The girl makes out a clear case. The defendant denied making the assault upon her for the purpose of having intercourse with her. In fact his testimony excludes the idea that he attempted to have intercourse with her, or even desired to do so, and denied the girl's testimony in toto in so far as that phase of the case is concerned.

The judgment is affirmed. *Affirmed.*